IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

GREAT AMERICAN LIFE INSURANCE COMPANY    PLAINTIFF

VS.    CIVIL ACTION NO. __3:16-CV-070-DMB-JMV__

AVA MITCHELL TANNER,
ALITA MARGARET MITCHELL, and
CRAIG J. CHEATHAM    DEFENDANTS

## COMPLAINT FOR INTERPLEADER

**COMES NOW** Plaintiff, Great American Life Insurance Company ("GALIC"), by and through its undersigned counsel, and pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. §1335, and submits this, its Complaint for Interpleader, and shows unto this Honorable Court as follows:

1. Plaintiff, GALIC, is a foreign insurance corporation organized and existing under the laws of the State of Ohio, with its principle place of business in Cincinnati, Ohio.

2. Defendant, Ava Mitchell Tanner, is an adult resident citizen of Saint Francis County, Arkansas, who is presently and temporarily living in the state of Florida, and may be served with process at 5618 Gristmill Street, Bradenton, Florida 34203.

3. Defendant, Alita Margaret Mitchell, is an adult resident citizen of DeSoto County, Mississippi and may be served with process at 6765 Allen Drive, Horn Lake, Mississippi 38637.

4.     Defendant, Craig J. Cheatham, is an adult resident citizen of Craighead County, Arkansas and may be served with process at 1409 Sullivan Circle, Jonesboro, Arkansas 72404.

5.     This cause is a civil suit, being an action for interpleader, pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. §1335, for the purpose of determining a question of actual controversy between citizens of different states, wherein the matter in controversy exceeds the sum of Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs, thus this Court has subject matter jurisdiction, pursuant to 28 U.S.C. §§1332 and 1335.

6.     Venue is proper under 28 U.S.C. §§1391 and 1397 in that this action is being filed in the judicial district in which a defendant resides and in which the events giving rise to the claims occurred.

7.     Don Mitchell applied for two (2) Tax Qualified Individual Retirement Annuities and to transfer retirement funds in the amounts of $146,267.21 and $150,000 to GALIC. GALIC issued Annuity Numbers 07424736 and 07459388 ("Annuities") on July 24, 2013.

8.     Don Mitchell named his daughter, Ava Mitchell Tanner, as the original primary beneficiary of the Annuities. See, Annuity Applications, Exhibits "A" and "B".

9.     On August 17, 2015, Don Mitchell and Alita Margaret Cheatham were married. *See*, Marriage License, Exhibit "C".

10. On August 17, 2015, GALIC received a written request to change the address of the owner of the Annuities to 6765 Allen Drive, Horn Lake, Mississippi and change the beneficiary of the Annuities to Alita D. Cheatham. *See*, Contract/Certificate Information Change Form, Exhibit "D".

11. On September 2, 2015, GALIC received a written request to change the beneficiary of the Annuities to Craig J. Cheatham. *See*, Contract/Certificate Information Change Form, Exhibit "E".

12. On November 19, 2015, GALIC received a written request to change the beneficiary of the Annuities to Alita Margaret Mitchell as the primary beneficiary and Craig J. Cheatham as the contingent beneficiary. *See*, Contract/Certificate Information Change Form, Exhibit "F".

13. On December 1, 2015, Don Mitchell died from cancer of the brain, lung and bladder. *See*, Certificate of Death, Exhibit "G".

14. On the date of death of Don Mitchell, the lump sum death benefit of Annuity Number 07424736 was One Hundred Seven Thousand, Three Hundred Thirty-Three and 54/100 Dollars ($117,333.54). See, correspondence dated January 5, 2016, Exhibit "H".

15. On the date of death of Don Mitchell, the lump sum death benefit of Annuity Number 07459388 was One Hundred Twenty Thousand, One Hundred Fifty-Three and 25/100 Dollars ($120,153.25). See, correspondence dated January 5, 2016, Exhibit "I".

16. On January 6, 2016, GALIC received an e-mail from Ava Mitchell Tanner concerning the death benefits of the Annuities. *See*, e-mail, Exhibit "J".

17. On February 8, 2016, GALIC received correspondence from Ava Mitchell Tanner regarding the death benefits of the Annuities. *See*, correspondence, Exhibit "K".

18. On February 25, 2016, GALIC received written correspondence from Craig J. Cheatham regarding the claim of his mother, Alita Margaret Mitchell to death benefits of the Annuities. *See*, correspondence, Exhibit "L".

19. At present, GALIC is uncertain as to what party is the proper recipient of the death benefits due under the Annuities. Therefore, GALIC is justifiably uncertain whether paying the death benefits under the Annuities to Ava Mitchell Tanner, Alita Margaret Mitchell, or Craig J. Cheatham, or to any other person or entity, would prevent it from being subjected to multiple and vexatious litigation and/or liability at some point in the future.

20. GALIC is unable to ascertain without hazard to itself who is legally entitled to the death benefits due under the Annuities. GALIC cannot pay the same without assuming the responsibility of determining doubtful questions of law and fact concerning the changes in beneficiary made to the Annuities prior to the death of Don Mitchell.

21. GALIC claims no beneficial interest in the death benefits due under the Annuities, and GALIC does not in any respect collude with anyone touching the matters in this action.

22.     GALIC is now, and has at all times since the date of death Don Mitchell, been ready, willing, and able to pay the person or persons legally entitled to receive the death benefits due under the Annuities, and is prepared to forthwith deposit into the Registry of this Court two (2) checks in the amounts of One Hundred Seven Thousand, Three Hundred Thirty-Three and 54/100 Dollars ($117,333.54), and One Hundred Twenty Thousand, One Hundred Fifty-Three and 25/100 Dollars ($120,153.25), representing the extent of its liability under the Annuities, there to abide a determination by the Court as to the rightfully person or persons entitled to same.

23.     GALIC has been called upon to retain the undersigned attorneys for the purpose of protecting its interest in prosecuting this action. GALIC requests that an award be made out of the death benefits herein deposited into this Court to pay for reasonable attorney's fees, costs and other expenses, which GALIC is compelled to expend in the prosecution of this Complaint for Interpleader.

**WHEREFORE, PREMISES CONSIDERED**, Great American Life Insurance Company prays as follows:

A.     That the death benefits of the Annuities be accepted into the Registry of this Court to be held in an interest-bearing account for future disbursement to the person or persons adjudged by the Court to be entitled thereto.

B.     That the Court adjudicate that the amounts deposited into the Registry of the Court is the extent of GALIC's liability to anyone under the Annuities, arising from the death of Don Mitchell.

C. That process be issued to and served on the Defendants and that they be required to assert their respective claims to the subject death benefits to be paid into the Registry of the Court.

D. That the Court issue an Order of Injunction, pursuant to 28 U.S.C. §2361, enjoining and restraining Ava Mitchell Tanner, Alita Margaret Mitchell, and Craig J. Cheatham, their agents, attorneys, attorneys-in-fact, power-of-attorneys, successors, personal representatives, heirs, devisees, legatees, and assigns from asserting, instituting or prosecuting any and all demands, claims, actions or causes of action against GALIC in regard to, pertaining to, or in any manner relating to or arising out of the Annuities, and that in due course said Order of Injunction be made permanent.

E. That an award be made to GALIC from the funds herein deposited into this Court to pay for reasonable costs, attorneys' fees and other expenses which GALIC is compelled to expend in the prosecution of this, its Complaint in Interpleader.

F. That GALIC be finally dismissed from this action with prejudice and fully discharged from any further liability which in any manner may arise under the Annuities, and that this Court shall retain jurisdiction over this matter to adjudicate to whom the Clerk of this Court shall disburse the subject funds deposited into the Registry of this Court.

G. GALIC prays for such other and further relief as the Court deems equitable and just.

This the 5th day of April, 2016.

                                                Respectfully submitted,

                                                **GREAT AMERICAN LIFE INSURANCE COMPANY**

                                                By:  *s/ Randy L. Dean*
                                                       Walter D. Willson (MSB #7291)
                                                       Randy L. Dean (MSB #6011)

OF COUNSEL:

**WELLS MARBLE & HURST, PLLC**
Post Office Box 131
Jackson, Mississippi  39205-0131
Telephone:   (601) 605-6900
Facsimile:   (601) 605-6901
e-mail:       wwillson@wellsmar.com
                  rdean@wellsmar.com