**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

GREAT AMERICAN LIFE INSURANCE COMPANY                        **PLAINTIFF**

VS.                                **CIVIL ACTION NO. 3:16-CV-070-DMB-JMV**

AVA MITCHELL TANNER,
ALITA MARGARET MITCHELL and
CRAIG J. CHEATHAM                               **DEFENDANTS**

## <u>ANSWER TO COMPLAINT FOR INTERPLEADER AND CROSSCLAIM</u>

COME NOW Defendants Alita Margaret Mitchell and Craig J. Cheatham and submit this their answer to the *Complaint for Interpleader* (hereinafter "Complaint") [Docket # 1]. In support thereof, Defendants would show as follows:

1. Defendants Alita Margaret Mitchell and Craig J. Cheatham (hereinafter "Defendants") admit the allegations in paragraph 1.

2. Defendants are without sufficient information to admit or deny the allegations in paragraph 2, and therefore, deny same.

3. Defendants admit the allegations in paragraph 3.

4. Defendants admit the allegations in paragraph 4.

5. Defendants admit the allegations in paragraph 5.

6. Defendants admit the allegations in paragraph 6.

7. Defendants admit the allegations in paragraph 7.

8. Defendants state that the document speaks for itself. Except to the extent indicated herein, Defendants are without sufficient information to admit or deny the allegations in paragraph 8, and therefore, deny same.

9. Defendants admit the allegations in paragraph 9.

10.     Defendants admit the allegations in paragraph 10, and further state that the document speaks for itself.

11.     Defendants admit the allegations in paragraph 11, and further state that the document speaks for itself.

12.     Defendants admit the allegations in paragraph 12, and further state that the document speaks for itself.

13.     Defendants admit the allegations in paragraph 13.

14.     Defendants are without sufficient information to admit or deny the amount of the lump sum death benefit in paragraph 14, and therefore, deny same.

15.     Defendants are without sufficient information to admit or deny the amount of the lump sum death benefit in paragraph 15, and therefore, deny same.

16.     Defendants deny the contents of the email referenced in paragraph 16 and Exhibit J to the Complaint.

17.     Defendants deny the contents of the letter referenced in paragraph 17 and Exhibit K to the Complaint.  The document (a) is an attempt to offer hearsay to amend the designation of beneficiary; (b) contains false and scandalous assertions which are immaterial, and therefore should be stricken pursuant to Rule 12(f) of the Fed. R. Civ. Proc.; (c) ignores that decedent Don Mitchell was capable of designating beneficiaries and assertions to the contrary should be established by strict evidence; (d) asserts allegations that are subject to the parole evidence rule and the statute of frauds and are inadmissible, irrelevant and immaterial; and (e) constitutes an intentional and malicious interference with the contract rights of Alita Margaret Mitchell, and as a result, Ava Mitchell Tanner should be held liable for actual damages, pre-judgment interest and attorneys' fees that have been incurred to obtain their assets.

18.     Defendants admit the allegations in paragraph 18.

19.     Defendants deny the allegations in paragraph 19 as there is no uncertainty as to the beneficiary.  The named beneficiary in the subject annuity is none other than Alita Margaret Mitchell as primary beneficiary, and Defendant Cheatham is the contingent beneficiary.

20.     Defendants denies the allegations in paragraph 20.  Don Mitchell was capable of making the beneficiary designations of the annuities at the time that they were made.  Accordingly, the contract entered into and which Don Mitchell designated Alita Margaret Mitchell primary beneficiary and Craig J. Cheatham as contingent beneficiary should stand.

21.     Defendants admit the allegations in paragraph 21.

22.     Defendants admit the allegations in paragraph 22.  The payment should be paid to Alita Margaret Mitchell as primary beneficiary.

23.     Defendants deny that Great American Life Insurance Company (hereinafter "GALIC") is entitled to an award of attorney fees pursuant to the terms of the subject policy, and in such a way that would reduce the payment made to the beneficiary.

24.     In relation to the ad damnum paragraph beginning with "Wherefore, Premises Considered," Defendants:

        a.      Admit the allegations contained in paragraph A;

        b.      Admit the allegations contained in paragraph B;

        c.      Admit the allegations contained in paragraph C;

        d.      Admit the allegations contained in paragraph D;

        e.      Deny that GALIC has a basis for which GALIC is entitled to attorney fees, and accordingly, the relief sought should be denied;

        f.      Admit the allegations contained in paragraph F; and

g.      Deny the allegations contained in paragraph G.

## CROSSCLAIM

COMES NOW Alita Margaret Mitchell and files this Crossclaim against Ava Mitchell Tanner. In support thereof, Alita Margaret Mitchell would show as follows:

1.      Alita Margaret Mitchell is the wife of the decedent Don Mitchell;

2.      At a time when he was competent and of his own free will, Don Mitchell designated Alita Margaret Mitchell as primary beneficiary of the subject annuities identified in the Complaint.

3.      Don Mitchell had a perfect right to designate the beneficiaries as he saw fit.

4.      As the designated beneficiary, Alita Margaret Mitchell had a right to the death benefits arising from the subject annuities.

5.      Without a legal basis or right, Ava Mitchell Tanner has interfered with Alita Margaret Mitchell's right to the annuity death benefits by submitting a false and scandalous letter to GALIC.

6.      As a result of her malicious interference with Alita Margaret Mitchell's contractual right to the annuity death benefits, Ava Mitchell Tanner is liable for the damage Alita Margaret Mitchell has incurred as a result of her tortious acts.

WHERE FORE PREMISES CONSIDERED, Alita Margaret Mitchell prays that this Court enter a judgment against Ava Mitchell Tanner for the consequential damages including, but not limited to, pre-judgment interest compounded, attorney fees, costs and any other relief to which she may be entitled.

This, the 27th day of May, 2016.

Respectfully submitted,

/s/ J. Hale Freeland
J. HALE FREELAND, MS BAR 5525

FREELAND MARTZ, PLLC
302 Enterprise Drive, Suite A
Oxford, Mississippi 38655
662.234.1711
hale@freelandmartz.com

COUNSEL FOR ALITA
MARGARET MITCHELL
AND CRAIG J. CHEATHAM

## CERTIFICATE OF SERVICE

I, J. Hale Freeland, the attorney for Defendants Alita Margaret Mitchell and Craig J. Cheatham, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

Furthermore, I hereby certify that I have forwarded a copy of the foregoing document via U.S. Mail, postage prepaid, to the following non-ECF participants:

Ava Mitchell Tanner
2759 River Trace Circle
Bradenton, Florida 34208

This, the 27th day of May, 2016.

/s/ J. Hale Freeland
J. HALE FREELAND