IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**GREAT AMERICAN LIFE**
**INSURANCE COMPANY**                                                               **PLAINTIFF**

**V.**                                                             **NO. 3:16-CV-00070-DMB-JMV**

**AVA MITCHELL TANNER,**
**ALITA MARGARET MITCHELL,**
**and CRAIG CHEATHAM**                                                  **DEFENDANTS**

**ORDER**

Before the Court in this interpleader action is "Great American Life Insurance Company's Unopposed Motion for Its Dismissal with Prejudice and Recovery of Attorneys' Fees and Costs."[1] Doc. #67. Great American requests in its motion that the Court (1) order that the $117,438.36 and $120,329.58 in annuity funds it deposited into the Court's registry[2] are the total extent of Great American's liability to anyone under the subject annuities; (2) order Defendants to assert and settle among themselves their respective claims to the proceeds from the annuities; (3) permanently enjoin Defendants from asserting any future claims against Great American that arise out of or relate to the subject annuities; (4) dismiss it with prejudice pursuant to Federal Rule of Civil Procedure 54(b); and (5) award it $9,000.00 for attorney's fees, costs, and other expenses out of the funds deposited into the Court's registry. *Id.* at 3-4. For the reasons below, the motion will be granted in part and deferred in part.

---

[1] Great American offers nothing beyond its representation that the motion is unopposed. Before filing the motion, however, Great American's counsel e-mailed the Court, copying counsel for the other parties, a proposed agreed judgment ordering the relief sought in its motion, which was electronically signed on behalf of all parties.

[2] On July 19, 2016, United States Magistrate Judge Jane M. Virden entered an order authorizing the Clerk of the Court to accept the funds into the Court's registry. Doc. #31.

# I
## Dismissal

Great American requests dismissal pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, which provides in relevant part:

> [W]hen multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise any order or other decision however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties ….

Great American argues that it is a stakeholder with "no interest in the proceeds payable under the Annuities, which have been deposited into the Registry of the Court, [and that] it should be discharged from any further liability and dismissed from this case, with prejudice," noting that Defendants do not object to its dismissal. Doc. #68 at 2. It asserts that it is a "mere stakeholder" because it "claims no beneficial interest in the proceeds of the subject Annuities." Doc. # 67 at ¶ 9.

The Court agrees that Great American is a disinterested stakeholder. Great American makes no claim against the annuity proceeds and does not challenge any of the defendants' claims to the sums it deposited with the Court. *See N.Y. Life Ins. & Annuity Corp. v. Cannatella*, 550 F. App'x 211, 217 (5th Cir. 2013) (where two parties claimed life insurance policy proceeds in interpleader action, plaintiff was "a disinterested stakeholder [that had no] substantial controversy with either defendant"). Accordingly, the Court finds that Great American should be dismissed with prejudice, and that there is no just reason to delay its dismissal.

# II
## Attorney's Fees and Costs

"It is well settled that a district court has the authority to award costs, including reasonable attorney's fees, in interpleader actions." *Royal Indem. Co. v. Bates*, 307 F. App'x

801, 806 (5th Cir. 2009) (quoting *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 696 F.2d 359, 364 (5th Cir. 1983)). Awarding attorney's fees and costs is within the discretion of the district court. *Id.* "Fees may be awarded when the interpleader is a disinterested stakeholder, and is not in substantial controversy with one of the claimants."[3] *N.Y. Life Ins. & Annuity Corp.*, 550 F. App'x at 217 (citing *Rhoades v. Casey*, 196 F.3d 592, 603 (5th Cir. 1999)) (internal quotation marks omitted); *see Mass. Mut. Life Ins. Co. v. Lane*, No. 5:07-cv-00210-DCB-JMR, 2008 WL 2512389, at *1 (S.D. Miss. June 20, 2008) ("[A] disinterested stakeholder who properly brings an interpleader proceeding is generally entitled, in the sound discretion of the Court, to a reasonable allowance for costs and attorney fees from the fund deposited in the Court."); *Bank One, Tex., N.A. v. Taylor*, 970 F.2d 16, 23 (5th Cir. 1992) ("[I]n order to be entitled to an award for attorney's fees, a stakeholder must be disinterested as to the outcome of the controversy.") (collecting cases). Having found above that Great American is a disinterested stakeholder, the only question that remains is whether the fees and costs it requests are reasonable.

Although Defendants do not oppose an award of attorney's fees and costs to Great American, Doc. #67-1 at ¶ 6, any attorney's fees or costs allowed must be reasonable. *See Protective Life Ins. Co. v. Kridner*, No. CIV. 12-582 JRT/JJG, 2013 WL 1249205, at *4 (D. Minn. Mar. 27, 2013) ("In interpleader actions, the broad rule governing an award of attorneys' fees is reasonableness."). What are reasonable attorney's fees or costs in an interpleader action is within the district court's discretion. *See Trustees of Dirs. Guild of Am.–Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000) ("The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court."). Generally,

---

[3] A plaintiff who initiates an interpleader "by contesting the ownership of the fund or by disputing the correct amount of [its] liability will not, in the absence of special circumstances, be awarded any expenses." *Perkins State Bank v. Connolly*, 632 F.2d 1306, 1311 (5th Cir. 1980) (parenthesis omitted); *see Phillips Petroleum Co. v. Hazlewood*, 534 F.2d 61, 63 (5th Cir. 1976) (attorney's fees denied to interpleader plaintiff deemed not mere stakeholder because it took active position in opposing defendant's claim).

3

attorney's fees in interpleader matters are relatively small and are awarded "simply to compensate for initiating the proceedings." *Ferber Co. v. Ondrick*, 310 F.2d 462, 467 (1st Cir. 1962); *see Hunter v. Fed. Life Ins. Co.*, 111 F.2d 551, 557 (8th Cir. 1940) ("The institution of a suit in interpleader, including the depositing of the fund in the registry of the court and the procuring of an order of discharge of the stakeholder from further liability, does not usually involve any great amount of skill, labor or responsibility" and as such, "the amount allowed for [attorneys'] fees should be modest."); *Trustees of Dirs. Guild of Am.–Producer Pension Benefits Plans,* 234 F.3d at 426-27 ($3,000.00 of requested $97,000.00 in attorney's fees awarded because scope of compensable expenses was limited to "preparing the complaint, obtaining service of process on the claimants to the fund, and preparing an order discharging the plaintiff from liability and dismissing it from the action"); *Hearing v. Minn. Life Ins. Co.*, 33 F. Supp. 3d 1035, 1044-45 (N.D. Iowa 2014) (insurer awarded $2,848.00 in attorney's fees and expenses for work related only to preparing and carrying out interpleader suit although it requested $4,669.00 for work that included communication, discovery, and unspecified legal research). In determining whether a fee in an interpleader action is reasonable, a court may consider several factors: "(1) whether the case is simple; (2) whether the interpleader-plaintiff performed any unique services for the claimants or the court; (3) whether the interpleader-plaintiff acted in good faith and with diligence; (4) whether the services rendered benefited the interpleader-plaintiff; and (5) whether the claimants improperly protracted the proceedings." *Royal Indem. Co.*, 307 F. App'x at 806.

Regarding reasonableness, Great American relies on an affidavit from its attorney, Randy L. Dean, who avers:

> It is my opinion that the amount of the requested attorneys' fees and costs is reasonable in light of the time and labor required; the skill requisite to perform the

> legal service properly; the fee customarily charged in the community for similar services; the amount involved and the results obtained; the nature and length of the professional relationship with the client; and the experience, reputation and ability of the lawyers performing the services.

Doc. #67-1 at ¶ 7. While Dean avers in his affidavit that his hourly rate is $285.00, that Walter D. Wilson's hourly rate is $360.00, and that the paralegal's hourly rate is $65.00, *id*. at ¶ 4, he does not discuss or analyze any of the matters upon which he bases his conclusion that the fees and costs requested are reasonable. Nor does Dean provide any documentation or accounting to show specifically what he, or anyone else, did or how many hours were expended on the matter.[4] Dean further fails to inform the Court of what costs were incurred and what portion of the requested $9,000.00 represents incurred costs. *See Dusseldorp v. Ho*, 4 F. Supp. 3d 1069, 1073 (S.D. Iowa 2014) ("[I]t is important that stakeholders seeking fees provide enough detail in their affidavits to allow the Court to ascertain what particular legal matter the billed activity concerned."). Dean simply asserts in conclusory fashion that "the total fees and costs incurred in analyzing the Annuities and drafting the necessary pleadings …, to deposit the funds into the Court's Registry, to serve the Defendants, and to seek discharge from this proceeding was in excess of $9,000.00, however GALIC is only seeking recovery of fees and costs totaling $9,000.00." Doc. #67-1 at ¶ 5. This is insufficient. *See Trustees of Dirs. Guild of Am.-Producer Pension Benefits Plans,* 234 F.3d at 427 ("Where the documentation [of establishing entitlement to attorney's fees] is inadequate, the district court is free to reduce an applicant's fee award accordingly.").

An independent review of the record by the Court does not indicate that this case was complex or that Great American performed any unique services for the claimants or the Court to

---

[4] Dean avers that he is the primary attorney in this matter but does not comment about the role or position of Walter D. Wilson. Doc. #67-1 at ¶ 3.

justify an award of $9,000.00 in attorney's fees and costs.[5] *See Dusseldorp*, 4 F. Supp. 3d at 1070–72 (although defendants did not oppose requested amount, court awarded $3,506.00 of requested $15,507.82 in attorney's fees and costs after disallowing hours spent on unrelated services and some hours spent on preparing traditional interpleader documents because filings did not involve complex issues of fact or law). Accordingly, in order to ascertain what attorney's fees and costs are reasonable, Great American will be allowed to supplement its motion.

### III
### Conclusion

For the reasons above, "Great American Life Insurance Company's Unopposed Motion for Its Dismissal with Prejudice and Recovery of Attorneys' Fees and Costs" [67] is **GRANTED in Part** and **DEFERRED in Part**. It is GRANTED to the extent that: (1) Great American is dismissed with prejudice;[6] (2) the $117,438.36 and $120,329.58 in annuity funds deposited into the Court's registry are the extent of Great American's liability in this action; (3) Defendants are to assert and settle among themselves their respective claims to the proceeds from the annuities; and (4) Defendants are permanently enjoined from asserting any future claims against Great American arising out of or related to the annuities. The motion is DEFERRED as to Great American's request for $9,000 in attorney's fees and costs. Great American has fourteen (14) days from the entry of this order to supplement its motion regarding its request for attorney's fees and costs.[7]

---

[5] Great American filed an interpleader complaint, filed a motion to deposit funds, replied to Defendants' response to its motion, amended the motion to deposit funds (because of a typographical error), filed a notice of deposit of funds, filed a second revised motion to deposit funds (in order to clarify amounts), and filed a second notice of deposit of funds. Doc. #1; Doc. #8; Doc. #12; Doc. #17; Doc. #26; Doc. #27; Doc. #40.

[6] A judgment pursuant to Rule 54(b) will be separately entered after the Court's determination of reasonable attorney's fees and costs.

[7] Upon the Court's determination of a total amount to be awarded in fees and costs, the Clerk of Court will be directed to pay Great American such amount from the funds deposited into the Court's registry.

**SO ORDERED**, this 29th day of November, 2016.

                                                **/s/ Debra M. Brown**
                                                **UNITED STATES DISTRICT JUDGE**