IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**GREAT AMERICAN LIFE**                                                                                            **PLAINTIFF**
**INSURANCE COMPANY**

**V.**                                                                                          **NO. 3:16-CV-70-DMB-JMV**

**AVA MITCHELL TANNER,**
**ALITA MARGARET MITCHELL,**
**and CRAIG CHEATHAM**                                                        **DEFENDANTS**

**ORDER**

Before the Court is "Great American Life Insurance Company's Supplement to its Motion for Dismissal with Prejudice and Recovery of Attorneys' Fees and Costs." Doc. #87.

**I**
**Background**

On April 5, 2016, Great American Life Insurance Company filed an interpleader complaint in this Court for the purpose of determining whether Ava Mitchell Tanner, Alita Margaret Mitchell, Craig J. Cheatham, or anyone else is the proper recipient of the death benefits of Don Mitchell. Doc. #1. Great American made no claims against the annuity proceeds and did not challenge any of the defendants' claims to the sums deposited into the Court.[1]

On October 31, 2016, Great American filed an "Unopposed Motion for Its Dismissal with Prejudice and Recovery of Attorneys' Fees and Costs." Doc. #67. On November 29, 2016, the Court issued an order granting Great American's motion to the extent Great American requested dismissal with prejudice.[2] Doc. #74 at 6. The Court, however, deferred Great American's

---

[1] On July 19, 2017, United States Magistrate Judge Jane M. Virden authorized the Clerk of the Court to accept into the Court's registry the annuity funds in the amount of $117,438.36 and $120,329.58. Doc. #31.

[2] The Court also granted Great American's requests that the annuity funds deposited into the Court's registry be the extent of Great American's liability in this action; that the defendants assert and settle among themselves their

request for $9,000.00 in attorneys' fees and costs, allowing Great American fourteen days to supplement such request.³ *Id.* On December 12, 2016, Great American filed the instant "Supplement to its Motion for Dismissal with Prejudice and Recovery of Attorneys' Fees and Costs." Doc. #87.

## II
## Fees and Costs

"It is well settled that a district court has the authority to award costs, including reasonable attorney's fees, in interpleader actions." *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 696 F.2d 359, 364 (5th Cir. 1983). Such an award "is in the discretion of the district court, and fees [and other costs] are available when the interpleader is a disinterested stakeholder, and is not in substantial controversy with one of the claimants." *Rhoades v. Casey*, 196 F.3d 592, 603 (5th Cir. 1999).⁴ The Court has already determined that Great American is a disinterested stakeholder and has no substantial controversy with the defendants. Doc. #74 at 2–3. As such, the only question remaining is whether the fees and costs Great American seeks are reasonable.

As a general rule, "attorneys' fee awards are properly limited to those fees that are incurred in filing the action and pursuing ... release from liability, *not* in litigating the merits of the adverse claimant[] …." *Trs. Of Dirs. Guild of America-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000). Under this rule, "[c]ompensable expenses include ...

---

respective claims to the proceeds from the annuities; and that the defendants be permanently enjoined from asserting any future claims against Great American arising out of or related to the annuities. Doc. #74 at 6.

³ The Court found that Great American was entitled to attorneys' fees and other costs but that Great American failed to discuss or analyze why the amount of fees and costs requested were reasonable, and failed to show specifically what work was done, how many hours were expended, and what portion of the requested $9,000.00 represented costs. Doc. #74 at 2–6.

⁴ While *Rhoades* refers only to fees, courts in this circuit have applied the standard to other costs as well. *See, e.g., Life Ins. Co. of N. Am. v. Kreuzer*, No. 06-CA-173, 2006 WL 3306148, at *1 (W.D. Tex. Nov. 2, 2006); *Unum Life Ins. Co. of Am. v. Locke*, No. 2:06-cv-0861, 2006 WL 2457106, at *2 (W.D. La. Aug. 22, 2006); *Allstate Assignment Co. v. Cervera*, No. 2:13-cv-096, 2014 WL 12496902, at *3 (W.D. Tex. Dec. 8, 2014).

preparing the complaint, obtaining service of process on the claimants to the fund, and preparing an order discharging the plaintiff from liability and dismissing it from the action." *Id*. at 426–27.

In support of its request for a total of $9,000.00 for attorney's fees and costs, Great American submitted an affidavit from its attorney, Randy L. Dean. Doc. #87-1. In his affidavit, Dean avers that he and another attorney, Walter D. Willson, as well as a paralegal, Mary Beth Jordan, worked on this matter at the hourly rates of $285.00, $360.00, and $65.00, respectively. *Id*. at ¶¶ 5–6, 11. Dean also avers that "[a]lthough [his] firm has billed [Great American] in excess of the amount for its services in connection with this matter, [Great American] is only seeking recovery for fees and costs totaling $9,000.00." *Id*. at ¶ 12. As evidence, Dean attached to his affidavit a billing statement reflecting $35,664.50 in billable attorneys' fees and $563.07 in expenses. *Id*. at 7–20.

Great American does not specify what portion of the requested $9,000.00 is for fees and what portion is for other costs. An examination of the billing statement submitted reveals that the majority of the activities billed are unrelated to the filing of the interpleader complaint, obtaining service of process on the claimants to the funds, and Great American's discharge from liability and dismissal from the lawsuit. However, after considering the entries on the billing statement which do concern such matters, in addition to the expenses reflected for court costs, service of process fees, legal research, and postage, the Court finds that the $9,000.00 requested is a reasonable amount to cover Great American's fees and other costs.

### III
### Conclusion

For the reasons above, Great American's motion for $9,000.00 for attorneys' fees and other costs [87] is **GRANTED**. The Clerk of the Court is **DIRECTED** to pay Great American a

3

total of $9,000.00 from the funds deposited into the Court's registry.[5]

**SO ORDERED**, this 7th day of August, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[5] As indicated in its November 2016 order dismissing Great American with prejudice, a separate judgment pursuant to Rule 54(b) will be separately entered.