IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**GREAT AMERICAN LIFE**                                                                                         **PLAINTIFF**
**INSURANCE COMPANY**

**V.**                                          **NO. 3:16-CV-70-DMB-JMV**

**AVA MITCHELL TANNER,**
**ALITA MARGARET MITCHELL, and**
**CRAIG CHEATHAM**                                      **DEFENDANTS**

**ORDER**

Before the Court is Phyllis Mitchell Fernandez's[1] "Motion to Intervene." Doc. #43.

**I**
**Relevant Procedural History**

On April 5, 2016, Great American Life Insurance Company filed an interpleader complaint in this Court pursuant to Rule 22 of the Federal Rules of Civil Procedure to determine whether Ava Mitchell Tanner, Alita Margaret Mitchell, Craig J. Cheatham, or anyone else, is the proper recipient of two annuities issued to Don Mitchell before his death. Doc. #1. On May 27, 2016, Alita[2] and Craig filed an answer to the complaint and Alita filed a crossclaim against Ava. Doc. #9. In her crossclaim, Alita alleges that "[w]ithout a legal basis or right, Ava Mitchell Tanner has interfered with Alita Margaret Mitchell's right to annuity death benefits by submitting a false and scandalous letter to [Great American]" and "[a]s a result of her malicious interference," Ava "is liable for the damage Alita Margaret Mitchell has incurred …." *Id*. at ¶¶ 5–6.

On June 9, 2016, Ava answered Great American's complaint and Alita's crossclaim.

---
[1] The motion refers to the movant as "Phyllis Mitchell Fernandez;" however, the reply in support of the motion refers to the movant as "Phyllis Mitchell Hernandez."

[2] To avoid confusion, the first names of the parties are used.

Doc. #13; Doc. #14. On June 30, 2016, Ava filed an amended answer to Alita's crossclaim and asserted crossclaims of her own against Alita and Craig. Doc. #24. Ava's crossclaims allege, in part:

> Alita Cheatham and Craig Cheatham exerted undue influence over Don Mitchell to persuade him to disinherit his daughters, the natural objects of his bounty, and to convey his assets to them. They used undue influence to covert the following property,
>
> Regions Bank CD $150,000,
> Prudential Life Insurance policy for $186,000,
> Great American Life Insurance annuities for $120,153.25 and $117,333.54,
> Oil Interest of unknown value.

*Id*. at ¶ 41.

On August 30, 2016, Phyllis Mitchell Fernandez filed a motion seeking "leave to intervene as a plaintiff in the cross claim filed by her sister [Ava] against the current defendants to the cross claim, Alita Cheatham Mitchell and Craig Cheatham." Doc. #43. Phyllis asserts that she "was a beneficiary of the trust which owned some oil interest;" that at "[o]ne time, she was a beneficiary of the policies with Prudential and Great American;" and that "[c]omplete relief in this case cannot be granted unless [she] is allowed to intervene as a party plaintiff to this action." *Id*. at 1. On September 8, 2016, Alita and Craig filed a response to the motion to intervene and then a "Corrected Response to Motion to Intervene." Doc. #47; Doc. #48. On September 19, 2016, Phyllis filed a reply. Doc. #52.

## II
## Discussion

### A. Memorandum Brief Requirement

Uniform Local Rule 7(b)(4) provides in relevant part:

> At the time the motion is served, other than motions or applications that may be heard ex parte or those involving necessitous or urgent matters, counsel for movant must file a memorandum brief in support of the motion. Counsel for

respondent must … file a response and memorandum brief in support of the response …. Failure to timely submit the required motion documents may result in the denial of the motion.

Here, Phyllis did not submit a memorandum brief in accordance with Local Rule 7(b)(4). Accordingly, the motion to intervene will be denied without prejudice to refiling by Phyllis. Such motion, and any response[3] and reply, must comply with the local rules of this Court, including Local Rule 7(b)(4).

## B. Federal Rule of Civil Procedure 24

Although denying the motion to intervene without prejudice, the Court will briefly discuss the requirements for intervention to focus any future submissions by the parties on the issue.

Intervention is governed by Rule 24 of the Federal Rules of Civil Procedure. Rule 24 provides, in relevant part:

> **(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> **(b) Permissive Intervention.**
>
> (1) *In General.* On timely motion, the court may permit anyone to intervene who:
>
> (A) is given a conditional right to intervene by a federal statute; or
>
> (B) has a claim or defense that shares with the main action a common question of law or fact.

---

[3] In their response opposing the motion to intervene, Alita and Craig request for themselves "that the briefing requirement contained in Rule 7(b)(4), Mississippi Rules of the Court, be waived as this matter is straightforward," pointing out that Phyllis "did not site [sic] authority or provide proof in support of her motion." Doc. #48 at 4. Alita and Craig are correct that Phyllis does not cite any authority in her motion or provide any evidence in support of her request to intervene. However, because this matter is not straightforward, as discussed below, the Court disagrees that the memorandum brief requirement should be waived for any party.

Thus, a nonparty seeking to intervene and obtain the rights and privileges of a party to a lawsuit has available two avenues: (1) intervention of right pursuant to Rule 24(a) and (2) permissive intervention pursuant to Rule 24(b).

Phyllis does not reference Rule 24 at all in her motion to intervene or in her reply, nor does she specify whether she seeks to intervene as of right or on a permissive basis. However, her motion appears to seek intervention of right under Rule 24(a)(2), as she contends she has an interest in the annuities, along with the other assets listed in Ava's crossclaim, and that complete relief cannot be granted unless she is allowed to intervene.

To be entitled to intervention as of right under Rule 24(a), a movant must meet four requirements:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Sommers v. Bank of Am., N.A.*, 835 F.3d 509, 512 (5th Cir. 2016). "Failure to satisfy any one requirement precludes intervention of right." *Edwards v. City of Hous.*, 78 F.3d 983, 999 (5th Cir. 1996).

In seeking intervention, "the movant bears the burden of establishing its right to intervene …." *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014). Generally, when deciding a motion to intervene, a court accepts as true a movant's factual allegations.[4] *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015). However, a court need not accept conclusory allegations as true. *See Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001) ("[A] district

---

[4] "Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed." *Brumfield*, 749 F.3d at 341–42. The Fifth Circuit has stated that "the inquiry under subsection (a)(2) is a flexible one, which focuses on the particular facts and circumstances surrounding each application and intervention of right must be measured by a practical rather than technical yardstick." *Edwards*, 78 F.3d at 999 (internal alterations omitted).

court is required to accept as true the non-conclusory allegations made in support of an intervention motion."); *Lake Inv'rs Dev. Grp. v. Egidi Dev. Grp.*, 715 F.2d 1256, 1258 (7th Cir. 1983); *Costa v. Marotta, Gund, Budd &Dzera, LLC*, 281 F. App'x 5, 9 (1st Cir. 2008).

Alita and Craig's opposition to the motion to intervene focuses primarily on the requirement that the applicant have an interest relating to the property or transaction which is the subject of the action. They argue that (1) Phyllis has never been a named beneficiary to the annuities and, as such, is not a real party in interest; (2) the crossclaims challenging other conveyances and change of beneficiaries of a trust to which Phyllis claims entitlement do "not arise out of the transaction or occurrence that is the subject matter of this action;" (3) the Court does not have jurisdiction to administer Don's estate; and (4) the only issue before the Court is whether Don lacked the capacity to execute the change of beneficiary form. Doc. #48 at 2–3.

Phyllis argues in her reply that (1) Alita and Craig "did not contend that the allegations regarding the other investments were outside the scope of Rule 13(g) of the Federal Rules of Civil Procedure" in answering the crossclaim; (2) the crossclaims for the other assets arise out of the occurrence which is the subject matter of the original interpleader; and (3) the dispute over the proper beneficiary is not within the exclusive jurisdiction of Mississippi's chancery courts. Doc. #52 at 2–3.

Putting aside the question of whether the assets other than the annuities arise out of the same circumstances raised in the interpleader complaint and/or Ava's crossclaims,[5] Phyllis fails to specify the factual and legal bases for her claimed interests.[6] She further fails to address why

---

[5] "A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action." Fed. R. Civ. P. 13(g).

[6] Phyllis attached to her reply as an exhibit a "Declaration of Ava Tanner" made purportedly "[p]ursuant to the provisions of 28 U.S.C. § 1746." Doc. #52-1. Contrary to § 1746, the declaration is neither signed nor dated. *See*

the disposition of this matter would impair or impede her ability to protect such interests, why such interests are inadequately represented by the existing parties to the suit, and the timeliness of her motion. Under these circumstances, more is required to allow her intervention. *See, e.g., Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) ("If a party seeking to intervene fails to meet any one of those requirements, it cannot intervene as a matter of right."); *E.E.O.C. v. Air Exp. Int'l, USA, Inc.*, No. 3:11-cv-2581, 2011 WL 6409121, at *3 (N.D. Tex. Dec. 21, 2011) (denying intervention of right because of movant's conclusory assertions and failure to address each requirement); *see also Edwards*, 78 F.3d at 1005 ("Although the applicant's burden of showing inadequate representation is minimal, it cannot be treated as so minimal as to write the requirement completely out of the rule.") (internal quotation marks omitted).

### III
### Conclusion

For the reasons above, Phyllis' motion to intervene [43] is **DENIED without prejudice**. Phyllis has fourteen (14) days from the date of this order to refile her motion to intervene.[7] Such motion, and any response and reply, must comply with the local rules of this Court, including Local Rule 7(b)(4)'s memorandum brief requirement.[8]

**SO ORDERED**, this 18th day of August, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

28 U.S.C. § 1746 ("unsworn declaration" must be "in writing of such person which is subscribed by him, as true under penalty of perjury, and dated ….").

[7] The pretrial conference and trial in this case are currently set for September 13, 2017, and October 16, 2017, respectively, and may be reset if Phyllis refiles her motion to intervene.

[8] Phyllis' brief should include the subsection of Rule 24 under which she proceeds and how the crossclaims involving assets other than the annuities relate to the subject matter of the interpleader complaint. Alita and Craig's brief should include an analysis of whether their failure to contend that the allegations regarding the assets other than the annuities were beyond the scope of Federal Rule of Civil Procedure 13(g) results in them waiving the right to do so.