**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

| | |
|---|---|
| **GREAT AMERICAN LIFE INSURANCE COMPANY** | **PLAINTIFF** |
| **V.** | **NO. 3:16-CV-70-DMB-JMV** |
| **AVA MITCHELL TANNER,** **ALITA MARGARET MITCHELL, and** **CRAIG CHEATHAM** | **DEFENDANTS** |

## AMENDED ORDER

Before the Court is Phyllis Mitchell Fernandez's "Motion to Intervene." Doc. #139.

### I
### Relevant Procedural History

On April 5, 2016, Great American Life Insurance Company filed an interpleader complaint in this Court pursuant to Rule 22 of the Federal Rules of Civil Procedure to determine whether Ava Mitchell Tanner, Alita Margaret Mitchell, Craig J. Cheatham, or anyone else, is the proper recipient of two annuities issued to Don Mitchell before his death. Doc. #1. On May 27, 2016, Alita[1] and Craig answered the complaint and Alita filed a crossclaim against Ava. Doc. #9. In her crossclaim, Alita alleges that "[w]ithout a legal basis or right, Ava Mitchell Tanner has interfered with Alita Margaret Mitchell's right to the annuity death benefits by submitting a false and scandalous letter to [Great American]" and "[a]s a result of her malicious interference," Ava "is liable for the damage Alita Margaret Mitchell has incurred …." *Id*. at ¶¶ 5−6.

On June 9, 2016, Ava answered Great American's complaint and Alita's crossclaim. Doc. #13; Doc. #14. On June 30, 2016, Ava filed an amended answer to Alita's crossclaim and asserted

---

[1] To avoid confusion, the first names of the parties are used.

crossclaims of her own against Alita and Craig. Doc. #24. Ava's crossclaims allege, in part:

> Alita Cheatham and Craig Cheatham exerted undue influence over Don Mitchell to persuade him to disinherit his daughters, the natural objects of his bounty, and to convey his assets to them. They used undue influence to convert the following property,
>
> Regions Bank CD $150,000,
> Prudential Life Insurance policy for $186,000,
> Great American Life Insurance annuities for $120,153.25 and $117,333.54,
> Oil Interest of unknown value.

*Id.* at ¶ 41.

On August 30, 2016, Phyllis Mitchell Fernandez filed a motion seeking "leave to intervene as a plaintiff in the cross claim filed by her sister [Ava] against the current defendants to the cross claim, Alita Cheatham Mitchell and Craig Cheatham." Doc. #43. The Court denied the motion to intervene because the motion failed to adhere to the local rules of this Court. Doc. #138. On September 1, 2017, Phyllis renewed her motion to intervene[2] in Ava's crossclaim of undue influence as it relates to the Prudential Life Insurance Policy and a trust which owns some mineral interest. Doc. #139. On September 14, 2017, Alita and Craig filed a response to the renewed motion to intervene. Doc. #143. On September 18, 2017, the Court held a telephonic conference regarding the renewed motion. Doc. #145. Three days later, Phyllis filed a reply in support of her motion to intervene. Doc. #147.

## II
## Discussion

In her renewed motion to intervene, Phyllis asserts that she "was a 50% beneficiary of the Prudential policy before it was changed;" that she was a beneficiary of a trust which owns some

---
[2] In denying Phyllis' original motion to intervene, the Court specified that any renewed "motion, and any response and reply, must comply with the local rules of this Court." Despite this warning, Phyllis' renewed motion, which is identical to the memorandum except for the title, contains legal argument and citations to case law in violation of Local Rule 7(b)(2)(B). The Court cautions Phyllis that a future failure to adhere to *all* of the Court's local rules may result in the denial of any motion she files on purely procedural grounds.

mineral interest and other assets; and that "[u]nless [she] is a party to the case, her interest in these identified properties may be impaired or impeded." Doc. #139 at 2. Phyllis contends that she is entitled to intervene under either Rule 24(a) or Rule 24(b) of the Federal Rules of Civil Procedure. *Id*. at 3.

In their response to Phyllis' motion to intervene, Alita and Craig argue that the motion should be denied because (1) this Court lacks jurisdiction to hear Phyllis' claims which are subject to the exclusive jurisdiction of a state probate court; (2) Phyllis' alleged claims exceed the scope of the interpleader; and (3) Phyllis is not a real party in interest since she was never listed as a beneficiary on the annuities subject to this litigation. Doc. #143 at 2. During the September 18 telephonic conference, Alita and Craig argued that the probate exception applies to the trust but conceded that the Prudential policy was a contractual claim. Doc. #146 at 5. Phyllis argued during the telephonic conference and in her reply memorandum that the probate exception is not applicable to the trust. *Id*. at 6; Doc. #148 at 4.

### A. Scope of Ava's crossclaim

Federal Rule of Civil Procedure 13(g) provides:

> A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action.

Alita and Craig contend that the "subject matter of this interpleader action is the distribution of the annuity proceeds in accordance with the terms of the Annuities." Doc. #144 at 1. In that regard, they argue that Phyllis' claims to the Prudential policy and trust which contains certain mineral interests do not "have any impact on who is the rightful beneficiary of the Annuities, which is the subject of this interpleader action." *Id*. at 3. Phyllis argues that the undue influence claim as it relates to the Prudential policy and the trust arise out of the same transaction or occurrence because

the changes to the beneficiaries of all the policies occurred during the same transaction over a short period. Doc. #147 at 3.

In addressing the propriety of Ava's crossclaim, the Court draws substantial guidance from the Fifth Circuit's decision in *Travelers Insurance Co. v. First National Bank of Shreveport*, 675 F.2d 633 (5th Cir. 1982). In *Travelers*, an insurance company brought an interpleader action to determine the ownership of the proceeds of a life policy in light of a change of beneficiary form allegedly executed by the insured. One of the claimants to the life insurance proceeds sought to assert declaratory judgment crossclaims on the issues of the insured's capacity to execute numerous change of beneficiary forms during a specific time period, with such periods including the change of beneficiary form at issue in the underlying interpleader action. Because the competing claimants were not diverse, the Fifth Circuit considered whether the court had ancillary jurisdiction over the crossclaims. After noting that "for a nondiverse claim to be considered ancillary to a diverse one, it must not only arise from the same core of operative facts as does the diverse claim, but it must also bear a logical relationship to that claim," the Fifth Circuit held that the crossclaims and the underlying interpleader action did not "constitute an entire logically entwined lawsuit, but were instead only a series of independent and separate claims, albeit ones involving the same central factual inquiry," the insured's capacity to execute documents. *Id*. at 638–40 (internal footnote and quotation marks omitted). Accordingly, the Fifth Circuit held that because the crossclaims "were not 'logically dependent' upon the original claim over which the district court did have jurisdiction and thus [were] not proper cross-claims under Rule 13(g), they were not supported by the doctrine of ancillary jurisdiction." *Id*. at 638.

While *Travelers* ultimately involved the issue of ancillary jurisdiction, it made clear that its analysis was equally applicable to the validity of claims under Rule 13(g). Indeed, the Fifth

Circuit has explained that "[i]t matters not if we ask whether this claim is a proper cross claim under Rule 13(g) or whether this claim is supported by ancillary jurisdiction. The analysis is substantially the same and our result would be the same." *Amco Constr. Co. v. Miss. State Bldg. Comm'n*, 602 F.2d 730, 732–33 (5th Cir. 1979). Thus, *Traveler*'s framework is appropriate for considering here whether Ava's crossclaim satisfies the requirements of Rule 13(g).

This case, like *Traveler*'s, involves an interpleader action for insurance proceeds and crossclaims related to other properties. While the crossclaim at issue here, like the crossclaims at issue in *Travelers*, involves the same central factual inquiry (capacity in *Travelers* and undue influence here), this overlap in inquiries does not create the logical dependence necessary for either ancillary jurisdiction or a valid claim under Rule 13(g). *See Metro. Life Ins. Co. v. Katz*, No. 6:13-cv-1236, 2014 WL 12625777, at *3 (M.D. Fla. Jan. 10, 2014) (crossclaims for undue influence related to other property not properly asserted under Rule 13(g) in interpleader action). Accordingly, because the underlying crossclaim falls outside Rule 13(g), Phyllis' motion to intervene must be denied.

### B.  Probate Exception

"For compelling historical reasons, … a federal court has no jurisdiction to probate a will or administer an estate." *Breaux v. Dilsaver*, 254 F.3d 533, 536 (5th Cir. 2001) (internal citation and quotation marks omitted). This is known as the probate exception. Alita and Craig argue that the trust with the oil and gas interest in Arkansas implicates the probate exception. Doc. #146 at 5. Because the Court has already found that the crossclaim as it relates to the Prudential policy and trust is not proper under Rule 13(g) of the Federal Rules of Civil Procedure, there is no reason to address this argument.

# III
# Conclusion

For the reasons above, Phyllis' motion to intervene [139] is **DENIED**.

**SO ORDERED**, this 12th day of December, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**