IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**GREAT AMERICAN LIFE**                                                      **PLAINTIFF**
**INSURANCE COMPANY**

**V.**                                                **NO. 3:16-CV-70-DMB-JMV**

**AVA MITCHELL TANNER,**
**ALITA MARGARET MITCHELL, and**
**CRAIG J. CHEATHAM**                                     **DEFENDANTS**

## ORDER GRANTING STAY

This interpleader action is before the Court on Alita Margaret Mitchell and Craig J. Cheatham's motion to stay this Court's February 8, 2018, judgment in Ava Mitchell Tanner's favor pending their appeal to the Fifth Circuit Court of Appeals. Doc. #175.

**I**
**Procedural History**

On April 5, 2016, Great American Life Insurance Company filed an interpleader complaint in this Court to determine whether Ava, Alita, Craig, or anyone else, is the proper recipient of two annuities issued to Don Mitchell before his death. Doc. #1. On May 27, 2016, Alita and Craig answered the complaint and Alita filed a crossclaim against Ava. Doc. #9. In her crossclaim, Alita alleges that "[w]ithout a legal basis or right, Ava Mitchell Tanner has interfered with Alita Margaret Mitchell's right to the annuity death benefits by submitting a false and scandalous letter to [Great American]" and "[a]s a result of her malicious interference," Ava "is liable for the damage Alita Margaret Mitchell has incurred …." *Id*. at 4.

On June 9, 2016, Ava answered Great American's complaint and Alita's crossclaim. Doc. #13; Doc. #14. Three weeks later, on June 30, 2016, Ava filed an amended answer to Alita's crossclaim and asserted undue influence and conversion crossclaims against Alita and Craig. Doc.

#24. On May 15, 2017, Alita and Craig filed a motion for summary judgment. Doc. #120. Ava filed a motion for summary judgment on May 21, 2017. Doc. #126. The next day, Ava filed a "Supplemental Motion for Summary Judgment by Ava Tanner," which, in substance, supplements her May 21 motion for summary judgment with her declaration. Doc. #128; Doc. #128-1.

On May 30, 2017, Ava filed a response opposing Alita and Craig's motion for summary judgment. Doc. #129. On June 5, 2017, Alita and Craig filed a response opposing Ava's motion for summary judgment. Doc. #132. The next day, Craig and Alita replied in support of their motion. Doc. #134. One week after that, Ava replied in support of her motion. Doc. #135. On August 7, 2017, the Court, on Great American's motion, issued a Rule 54(b) judgment dismissing Great American with prejudice. Doc. #137.

With leave of the Court, the parties, on January 4, 2018, submitted supplemental briefs regarding their motions for summary judgment. Doc. #165; Doc. #166. On February 2, 2018, this Court entered an order granting summary judgment in Ava's favor on the underlying interpleader action, on her crossclaim for undue influence,[1] and on Alita's crossclaim for unlawful interference. Doc. #170. The Court based these rulings on a conclusion that Ava introduced sufficient evidence to raise a presumption that Craig exerted undue influence over Don with regard to changes in beneficiaries of the annuities and that Craig failed to rebut the presumption. Craig and Alita filed a notice of appeal four days later. Doc. #172.

On February 8, 2018, this Court entered a final judgment in Ava's favor in accordance with its order granting summary judgment. Doc. #173. The same day, Craig and Alita filed a second notice of appeal and a motion to stay this Court's judgment pending appeal. Doc. #174; Doc.

---

[1] The Court found Ava abandoned her crossclaim for conversion.

#175. Two weeks later, Ava filed a response to the motion to stay in which she represents that she does not oppose the requested relief. Doc. #177.

**II**
**Analysis**

A district court has discretion to grant a stay pending appeal. *Weingarten Realty Inv'rs v. Miller*, 661 F.3d 904, 910 (5th Cir. 2011). Generally, when considering a motion to stay pending appeal, a court must consider four factors: (1) whether the party seeking the stay has shown a likelihood of success on the merits on appeal; (2) whether the party seeking the stay would suffer irreparable injury resulting from the denial of the requested stay; (3) whether the other parties would be substantially harmed by the grant of the requested stay; and (4) whether the public interest favors a stay. *Id*. However, if the case involves a "serious legal question … and the balance of equities heavily favors a stay[,] … the movant only needs to present a substantial case on the merits." *Id*.

While this Court would not be inclined to grant a stay based on the relevant factors,[2] Ava has stated she does not oppose the requested stay. Accordingly, Craig and Alita's motion to stay

---

[2] In the memorandum accompanying their motion to stay, Craig and Alita argue they are likely to succeed on appeal because (1) this Court improperly relied on Ava's supplementary declaration, which they objected to on the grounds that the declaration conflicted with Ava's deposition testimony and was not based on personal knowledge; (2) there was no evidence that Alita, the ultimate beneficiary of the annuities (rather than Craig), exerted undue influence over Don; and (3) the Court improperly weighed the relevant evidence.

First, as stated in the Court's February 2 order, in the absence of a valid objection, a court does not err in considering otherwise inadmissible evidence. *BGHA, LLC v. City of Universal City*, 340 F.3d 295, 299 (5th Cir. 2003). Here, the objections to the declaration were improperly vague. Craig and Alita made no effort to identify which statements in the seventy paragraphs in Ava's declaration were either not based on personal knowledge or conflicted with her previous depositions. As this Court has previously observed, a party must specifically identify allegedly improper evidence because "a court is not required to review large quanta of evidence to ferret out inadmissible statements." *Stuckey v. Clarksdale Mun. Sch. Dist.*, No. 4:16-cv-186, 2017 WL 4973201, at *2 (N.D. Miss. Nov. 1, 2017) (quoting *Tucker v. SAS Inst., Inc.*, 462 F.Supp.2d 715, 722 (N.D. Tex. 2006)). Even if the objection was properly asserted, it would not have resulted in a change in this Court's opinion on the summary judgment issues. The potentially inadmissible statements cited in the opinion related to either background, or to Alita's alleged undue influence which, as described below, is immaterial to the Court's ultimate conclusion. Accordingly, the Court's reliance on the declaration, which was not subject to a valid objection, was not improper.

3

[175] is **GRANTED as unopposed**. The final judgment issued in this action [173] is **STAYED** pending resolution of Craig and Alita's appeal.

**SO ORDERED**, this 27th day of February, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

Second, Craig and Alita cite no authority holding that undue influence may only exist where the alleged influencer is a direct beneficiary of the challenged action. No such requirement appears in relevant Mississippi law and courts throughout the country have rejected such a position where, as here, the direct beneficiary is closely related to the person who exerted undue influence. *See, e.g.*, *In re Bixler's Estate*, 229 P. 704, 708 (Cal. 1924) ("It was not necessary to allege that Hamilton profited by the will … or even that he was named therein as a legatee."); *Coghill v. Kennedy*, 24 So. 459, 467 (Ala. 1898) ("The undue influence which will invalidate a will need not be exercised by all the the [sic] beneficiaries, nor by any of them. If fraud or undue influence affects the whole will, though exercised by one only of the beneficiaries, or by one not named therein, no part of it can stand."); *Schmidt v. Schwear*, 424 N.E.2d 401, 408 (Ill. App. Ct. 1981) (undue influence of husband imputed to wife); *Nease v. Clark*, 488 P.2d 1396, 1399 n.1 (Or. Ct. App. 1971) ("Where the activity questioned is that of a close relative … of the beneficiary, the activity is imputed to the beneficiary.").

Finally, for the reasons stated in this Court's order, the Court does not believe that the evidence was improperly weighed.

Thus, the Court concludes that Craig and Alita do not have a likelihood of success on appeal. Furthermore, the Court is skeptical of Craig and Alita's argument that, in essence, the nature of an interpleader action always requires a finding that the remaining factors favor a stay. Regardless, because the stay will be granted, the Court need not decide the issue.