IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**GREAT AMERICAN LIFE**                                                                         **PLAINTIFF**
**INSURANCE COMPANY**

**V.**                                                                                                                                 **NO. 3:16-CV-70-DMB-JMV**

**AVA MITCHELL TANNER, et al.**                                                              **DEFENDANTS**

## ORDER CONSOLIDATING CASES

This interpleader action is before the Court on Ava Mitchell Tanner's "Motion to Consolidate Related Cases." Doc. #185.

**I**
**Relevant Procedural History**

Because this motion concerns whether two separate cases should be consolidated, the relevant procedural history of each is provided in turn.

**A. This Interpleader Action**

On April 5, 2016, Great American Life Insurance Company filed an interpleader complaint in the United States District Court for the Northern District of Mississippi ("Interpleader Action"), naming Ava Mitchell Tanner, Alita Margaret Mitchell, and Craig J. Cheatham as defendants. Doc. #1 at 1. Among other relief, Great American sought a determination of the proper recipient of death benefits under two retirement annuities it issued to Don Mitchell, who passed away on December 1, 2015. Doc. #1 at 2, 4–6; Doc. #1-7. On May 27, 2016, Alita and Craig filed an answer to the complaint, which included a crossclaim by Alita against Ava. Doc. #9. On June 30, 2016, Ava filed an amended answer to Alita's crossclaim, which included a crossclaim against Alita and Craig. Doc. #24 at 1–2, 3–8. Ava's crossclaim alleged that she and her sister, Phyllis Mitchell Fernandez, were the beneficiaries of "most of [Don's] assets" until Alita and Craig

exerted undue influence over Don to supplant Ava and Phyllis as beneficiaries to Don's Cetera investment account,[1] Prudential life insurance policy, Great American annuities, and a trust that included an "[o]il [i]nterest of unknown value." Doc. #24 ¶¶ 19, 41. Alita and Craig answered Ava's crossclaim on July 18, 2016. Doc. #30.

This Court dismissed Great American on November 29, 2016. Doc. #74 at 2, 6. On September 1, 2017, Phyllis moved to intervene in Ava's crossclaim, arguing intervention was proper because, along with Ava, she was a 50% beneficiary of the Prudential policy and mineral trust before Alita and Craig unduly influenced Don to disinherit her and Ava. Doc. #139 at 2–4. The Court denied Phyllis' motion to intervene, finding that, while the crossclaims for the Prudential policy and mineral trust involved "the same central factual inquiry," they fell beyond the scope of Rule 13(g) because they involved different property than that in the Interpleader Action. Doc. #154 at 5. Based on the same reasoning, the Court dismissed Ava's crossclaim to the extent it concerned assets other than the Great American annuities. Doc. #170 at 12–16. Regarding the undue influence claim as to the Great American annuities, however, the Court granted summary judgment in Ava's favor. *Id*. at 27–28. Alita and Craig appealed. Doc. #174.

On appeal, the Fifth Circuit determined that undue influence was properly presumed because Don and Craig had a confidential relationship and Craig was actively involved in changing the beneficiaries of the Great American annuities. Doc. #188-1 at 10. However, it remanded the case for trial, concluding that genuine issues of fact existed regarding whether Alita and Craig could rebut the presumption. *Id.* at 12–16.

Following remand, Ava filed this "Motion to Consolidate Related Cases." Doc. #185.

---

[1] Ava's crossclaim refers to this property as "Regions Bank CD." Doc. #24 ¶ 41. Ava later refers to it as an investment account with Cetera. *Id.* ¶ 18.

2

Alita and Craig responded in opposition, Doc. #186; and Ava replied, Doc. #187.[2]

### B. The Tanner/Fernandez Action

On January 30, 2018, Ava filed a complaint against Alita[3] and Craig in the United States District Court for the Northern District of Mississippi. *See Tanner v. Mitchell, et al.*, No. 3:18-cv-23 (N.D. Miss.), at Doc. #1. On June 7, 2018, Ava moved to amend the complaint to add her sister Phyllis as a plaintiff. *Id.* at Doc. #11. United States District Judge Neal B. Biggers, to whom the case is assigned, granted the motion.[4] *Id.* at Doc. #13. Ava and Phyllis filed the amended complaint on August 1, 2018 ("Tanner/Fernandez Action"). *Id.* at Doc. #24.

Against Alita and Craig, Ava and Phyllis' amended complaint alleges "(1) [the] use of undue influence to abuse a confidential relationship, (2) the use of undue influence on a person in a confidential relationship and (3) acquisition of assets through means of undue influence." *Id.* at Doc. #24, at 1. Specifically, Ava and Phyllis allege that Alita and Craig unduly influenced Don to gain an interest in the "Cetera account $150,000, Prudential Life Insurance policy for $186,000, Great American Life Insurance annuities for $120,153.25 and $117,333.54, A trust with Oil Interest of unknown value." *Id.* at Doc. #24 ¶ 52. Judge Biggers denied the parties' cross-motions for summary judgment on June 19, 2019. *Id.* at Doc. #62. Trial is currently set for July 22, 2019.

## II
## Discussion

Federal Rule of Civil Procedure 42(a)(2) permits a district court to consolidate actions that "involve a common question of law or fact." Consolidation may be used to avoid unnecessary

---

[2] Contrary to local rule, Ava did not file a separate memorandum brief in support of the motion, nor did Alita and Craig file a separate memorandum brief in support of their response. *See* L.U. Civ. R 7(b)(4).

[3] This complaint references Alita as "Alita Cheatham Mitchell."

[4] Phyllis moved to intervene the same day Ava moved to amend the complaint. Doc. #12. In the same order granting leave to amend, Judge Biggers denied as moot Phyllis' motion to intervene. Doc. #13.

3

costs or delay, *see Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761–62 (5th Cir. 1989); or to avoid the duplication of judicial effort, *In re Dearborn Marine Serv., Inc.*, 499 F.2d 263, 271 (5th Cir. 1974). "A trial court has broad discretion in determining whether to consolidate a case pending before it." *Mills*, 886 F.2d at 762 (quoting *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985)). But a court is not free to consolidate actions if doing so would prejudice any party's rights. *St. Bernard General Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983) (citation omitted).

### A. Common Question of Law or Fact

Ava contends the operative facts of the Interpleader Action and the Tanner/Fernandez Action are "identical" because they "involve the activities of [Craig and Alita] during August and September 2015 when Don [] signed 9 documents relating to his estate in 4 locations in 3 states over a 6-week period of time" and, during the same time period in which Don changed his beneficiaries on the Great American annuities, he also changed his beneficiaries on the Prudential life insurance policy and Cetera account. Doc. #185 ¶¶ 7, 8. Ava also maintains that "Craig was with Don every time he changed a policy or changed a beneficiary or signed any other document relating to his estate." *Id.* ¶ 9. Alita and Craig respond that consolidation is improper because the claims for the Great American annuities are "distinct transactions and occurrences" from the claims for the Cetera account and Prudential life insurance policy. Doc. #186 ¶ 2.

Contrary to Alita and Craig's argument, Rule 42 consolidation does not require claims to arise out of the same transaction or occurrence[5] but rather that they "involve a common question of law or fact." In evaluating whether the Interpleader Action and the Tanner/Fernandez Action

---

[5] Perhaps Alita and Craig confuse the requirements of Rule 42 with those of Rule 13(g), which requires crossclaims to arise out of the same transaction or occurrence.

involve a common question of law or fact, the Court notes that, in denying Phyllis' motion to intervene and in dismissing Ava's crossclaims regarding the assets other than the Great American annuities, it found that the crossclaims on the Cetera account, Prudential life insurance policy, and mineral trust involved "the same central factual inquiry" as the claim regarding the Great American annuities. Doc. #154 at 5; Doc. #170 at 16. For this reason, the Court concludes that the Interpleader Action and the Tanner/Fernandez Action share a common question of fact. *See* Fed. R. Civ. P. 42(a)(2).

### B. Avoidance of Unnecessary Costs, Delay, or Duplication of Judicial Effort

Ava argues that "[t]wo trials would be a tremendous waste of judicial resources" because the two cases involve the same operative facts; because the parties are the same, with the exception of Phyllis; and because trying the cases separately could take four-to-five days each.[6] Doc. #185 ¶¶ 7, 10. Having determined both cases share a common question of fact, the Court agrees that conducting two trials would result in some duplication of judicial effort. *See In re Dearborn Marine Serv., Inc.*, 499 F.2d at 271.

Alita and Craig argue that consolidation is improper because the Tanner/Fernandez Action has completed discovery and is set to begin trial before Judge Biggers on July 22, 2019, while this case has not yet been reset for trial. Doc. #186 ¶ 5. This argument lacks merit because the procedural posture of both cases is the same—all that remains is that they proceed to trial.

Alita and Craig also argue that Ava has not provided any authority as a basis for this Court to consider consolidation "for a third time." *Id.* ¶ 7. However, this is Ava's first motion to

---

[6] Ava does not argue in her motion or in her reply that trying the cases separately would result in unnecessary costs or delay.

consolidate under Rule 42.[7]

Finally, Alita and Craig argue that Ava's motion to consolidate is "an attempt to forum-shop as to who will try the matter, having previously received a favorable ruling from this Court."[8] *Id*. ¶ 6. This argument is not supported by the record. As Alita and Craig acknowledge,[9] Ava initially tried to bring all her claims against them in this Interpleader Action, *see* Doc. #24 ¶¶ 19, 41; and Phyllis unsuccessfully attempted to intervene in this Interpleader Action, *see* Doc. #154. Furthermore, Ava and Phyllis' previous attempts to include the non-Great American-related claims in this action occurred before this Court's summary judgment ruling in Ava's favor (and before Judge Biggers denied the summary judgment motions in the Tanner/Fernandez Action).

All considered, the Court concludes that consolidating the cases would not prejudice any party and, therefore, in the exercise of its discretion, will grant consolidation.

### III
### Conclusion

Ava's motion to consolidate the Interpleader Action with the Tanner/Fernandez Action [185] is **GRANTED** and, accordingly:

1. This Interpleader Action, No. 3:16-cv-70, and the Tanner/Fernandez Action, No. 3:18-cv-23, are **CONSOLIDATED** for trial and all other purposes.

2. The earlier filed Interpleader Action, No. 3:16-cv-70, is designated as the lead case.

---

[7] Alita and Craig again appear to conflate the filing of a Rule 13(g) crossclaim with a motion to consolidate under Rule 42.

[8] In support, they cite *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986), and *Exxon Mobil Corp. v. Turner Indus. Grp. LLC*, 339 F. App'x 441 (5th Cir. July 31, 2009). Neither case involved a motion to consolidate. *Brown* concerned an improvident removal. *See* 792 F.2d at 482. *Exxon Mobil*, contrary to Alita and Craig's erroneous representation, did not concern a motion to consolidate either but rather was a declaratory judgment action filed in federal court while related tort actions were pending in state court. *See* 339 F. App'x at 444–45.

[9] Doc. #186 ¶¶ 1, 6, 7.

3. All filings shall be made in the Interpleader Action as the lead case, which filings will be reflected on the docket of the Tanner/Fernandez Action.

4. In the caption of all documents filed, the lead case heading shall be set forth first, followed by the consolidated case heading, with the words "consolidated with" directly under the lead case heading.

**SO ORDERED**, this 25th day of June, 2019.

                                            /s/Debra M. Brown
                                            **UNITED STATES DISTRICT JUDGE**