# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

| | |
|---|---|
| **GREAT AMERICAN LIFE INSURANCE COMPANY** | **PLAINTIFF** |
| V. | NO. 3:16-CV-70-DMB-JMV |
| **AVA MITCHELL TANNER,** <br> **ALITA MARGARET MITCHELL, and** <br> **CRAIG J. CHEATHAM** | **DEFENDANTS** |

**consolidated with**

| | |
|---|---|
| **AVA MITCHELL TANNER and** <br> **PHYLLIS FERNANDEZ** | **PLAINTIFFS** |
| V. | NO. 3:18-CV-23-DMB-JMV |
| **ALITA CHEATHAM MITCHELL and** <br> **CRAIG CHEATHAM** | **DEFENDANTS** |

## ORDER

On June 25, 2019, Alita Mitchell and Craig Cheatham filed a "Motion to Exclude Witness and Exhibits at Trial."[1] Doc. #191.[2] The motion requests the exclusion of (1) certain summaries of bank records[3] that Ava Mitchell Tanner and Phyllis Fernandez intend to use at trial and (2) Erica Patton, who generated the summaries, as a witness at trial. *Id.* at 1, 2. Mitchell and Cheatham argue the summaries and Patton should be excluded at trial because they were not disclosed during discovery. *Id.* at 2.

---

[1] In violation of the Court's local rules, Mitchell and Cheatham included legal arguments and citations to case law in their motion, and failed to file a supporting memorandum brief. *See* L.U. Civ. R. 7(b)(2), 7(b)(2)(B). The response to the motion is not accompanied by a memorandum brief either. Counsel is warned that continued failure to comply with the Court's procedural rules may result in sanctions and/or the denial of relief sought.

[2] All references and cites in this order are to No. 3:16-cv-70, the lead case in these consolidated actions.

[3] The exhibits at issue are P-81, P-83, P-84, and P-86, which were included in a proposed pretrial order submitted in No. 3:18-cv-23 before these cases were consolidated.

Tanner and Fernandez respond that the summaries are of voluminous bank records produced in discovery months ago, that Patton prepared the summaries, and that the only purpose of Patton's testimony is to authenticate the accuracy of the summaries. Doc. #194.

Federal Rule of Evidence 1006 provides that a party "may use a summary, chart, or calculation to prove the content of voluminous writings … that cannot be conveniently examined in court." Rule 1006 summaries "need not have been produced during discovery." *Mitchell v. University of La. Sys.*, 154 F. Supp. 3d 364, 380 n.8 (M.D. La. 2015) (citation omitted). Rather, Rule 1006 requires only that "[t]he proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place." *See Lovo v. Express Courier Int'l, Inc.*, No. 4:16-CV-853, 2018 WL 6573132, at *1 (N.D. Tex. Oct. 24, 2018) ("Rule 1006 requires only that the underlying documents upon which a summary is based be produced within a reasonable time and does not require that the summary be produced during discovery."); 31 VICTOR JAMES GOLD, FEDERAL PRACTICE AND PROCEDURE § 8045 (1st ed. 2015) ("Rule 1006 provides that only the underlying documents, not the summaries themselves, must be produced to the opposing party.") (citation omitted). Because there appears to be no dispute that the underlying bank records were produced during discovery, the motion to exclude the summaries based on a failure to produce them during discovery will be denied.

As for the authenticating witness Patton, "Rule 1006 is 'a special exception to the hearsay rule,' and does not require an authenticating witness." *Right of Way Maint. Co. v. Gyro-Trac Inc.*, 303 F. App'x 229, 230 (5th Cir. 2008) (quoting JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE § 1006.05[4] (Joseph M. McLaughlin ed., 2d ed. 2007)). Rule 1006 summaries are admissible at trial when

> (1) they are based on competent evidence already before the [fact-finder], (2) the primary evidence used to construct the charts is available to the other side for

comparison so that the correctness of the summary may be tested, (3) the chart preparer is available for cross-examination, and (4) the [fact-finder] is properly instructed concerning use of the charts.

*United States v. Spalding*, 894 F.3d 173, 185 (5th Cir. 2018) (quoting *United States v. Bishop*, 264 F.3d 535, 547 (5th Cir. 2001)).  Accordingly, the request to exclude Patton will be denied.  Patton need not be called as a witness to authenticate the summaries but she must be available for cross-examination if the summaries are offered into evidence.

For the reasons discussed above, the motion to exclude [191] is **DENIED**.

**SO ORDERED**, this 1st day of July, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**