# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

| | |
|---|---|
| **GREAT AMERICAN LIFE INSURANCE COMPANY** | **PLAINTIFF** |
| V. | NO. 3:16-CV-70-DMB-JMV |
| **AVA MITCHELL TANNER,** <br> **ALITA MARGARET MITCHELL, and** <br> **CRAIG J. CHEATHAM** | **DEFENDANTS** |

**consolidated with**

| | |
|---|---|
| **AVA MITCHELL TANNER and** <br> **PHYLLIS FERNANDEZ** | **PLAINTIFFS** |
| V. | NO. 3:18-CV-23-DMB-JMV |
| **ALITA CHEATHAM MITCHELL and** <br> **CRAIG CHEATHAM** | **DEFENDANTS** |

## ORDER

On June 25, 2019, Ava Mitchell Tanner and Phyllis Fernandez filed a "Motion to Exclude the Testimony of Rhonda Gentry, M.D."[1] Doc. #192.[2] The motion states in full:

> The plaintiffs move the court to exclude the opinions /expert testimony of Rhonda Gentry, M.D. due to the defendants' failure to provide a[n] expert report as required by Rule 26 (2)(B).
>
> The defendants designated Dr. Gentry as an expert who would testify on the state of mind of Don Mitchell. Doc. 48-1. However, the defendants failed to produce a[n] expert report from Dr. Gentry. Further, the defendants have listed as trial exhibit D-10 a letter from Dr. Gentry which includes some expert opinions.

---

[1] Alita Margaret Mitchell and Craig J. Cheatham filed a response in opposition. Doc. #198. In violation of the Court's local rules, a separate memorandum brief was not filed with the motion or with the response, and legal arguments and citations to case law were included in the response. *See* L.U. Civ. R. 7(b)(2), 7(b)(2)(B). Counsel is warned that continued failure to comply with the Court's procedural rules may result in sanctions and/or the denial of relief sought.

[2] All references and cites in this order are to No. 3:16-cv-70, the lead case in these consolidated actions.

> Due to the failure of the defendants to produce the expert report from Dr. Gentry, the plaintiffs move the court strike Dr. gentry as a witness and strike her letter as an exhibit from the pretrial order.

*Id.* at 1.

Local Uniform Civil Rule 26(a)(3) states that "[c]hallenges as to inadequate disclosure of expert witness(es) must be made no later than thirty days before the discovery deadline or will be deemed waived." L.U. Civ. R. 26(a)(3). The instant challenge to the sufficiency of the disclosure of Dr. Gentry as an expert witness is untimely and, therefore, deemed waived.[3] Accordingly, the motion to exclude [192] is **DENIED**.[4]

**SO ORDERED**, this 1st day of July, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] Consequently, the Court need not reach Mitchell and Cheatham's arguments in their response to the motion to exclude.

[4] The only argument to exclude and/or strike D-10 was failure to produce an expert report.