**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**GREAT AMERICAN LIFE INSURANCE COMPANY**      **PLAINTIFF**

**V.**      **NO. 3:16-CV-70-DMB-JMV**

**AVA MITCHELL TANNER,
ALITA MARGARET MITCHELL, and
CRAIG J. CHEATHAM**      **DEFENDANTS**

**consolidated with**

**AVA MITCHELL TANNER and
PHYLLIS FERNANDEZ**      **PLAINTIFFS**

**V.**      **NO. 3:18-CV-23-DMB-JMV**

**ALITA CHEATHAM MITCHELL and
CRAIG CHEATHAM**      **DEFENDANTS**

**ORDER**

Before the Court are Alita Margaret Mitchell and Craig J. Cheatham's motions to stay the judgment pending appeal. Docs. #235, #242.

**I
Procedural History**

Following Don Mitchell's death, his biological daughters, Ava Mitchell Tanner and Phyllis Fernandez, sued Don's stepson, Craig Cheatham, and Don's widow, Alita Cheatham Mitchell, alleging they unduly influenced Don in his modification of the beneficiaries of his assets. On July 22–24, 2019, a three-day bench trial was held on (1) Ava's claims that Alita and Craig exerted undue influence to cause Don to change the beneficiary from Ava to Alita on two Great American Life Insurance Company annuities, a Prudential insurance policy, a CETERA account, and a trust; (2) Phyllis' claims that Alita and Craig exerted undue influence to cause Don to change the

beneficiary from Phyllis to Alita on the Prudential policy and the trust; and (3) Ava and Phyllis' claims that Craig and Alita violated Mississippi's Vulnerable Persons Act.

On March 31, 2020, the Court issued its findings of fact and conclusions of law. Doc. #226. In the order, the Court dismissed the claims brought under the Vulnerable Persons Act. *Id.* at 24. However, the Court found that Phyllis and Ava established their claims of undue influence against Craig. *Id.* Additionally, the Court found that while the undue influence claims against Alita failed, Alita was liable to Phyllis and Ava under a theory of restitution (which was preserved in the pretrial order) based on Alita's receipt of a transfer caused by Craig's undue influence. *Id.* at 20. Accordingly, also on March 31, the Court entered a final judgment in favor of Ava and Phyllis. Doc. #227.

On April 3, 2020, Ava and Phyllis filed a "Motion to Amend/Clarify Judgment." Doc. #228. On May 1, 2020, Craig and Alita filed a motion to stay the judgment pending appeal. Doc. #235. After Ava and Phyllis responded to the motion to stay, Craig and Alita, filed an amended motion to stay. Doc. #242. The amended motion is fully briefed. Docs. ##244–46.

On July 1, 2020, this Court granted the motion to amend in part. Doc. #250. An amended final judgment was entered accordingly. Doc. #251. The amended judgment provides:

> In accordance with the Order entered this day, the changes of beneficiaries which are the subject of these consolidated cases are deemed void for undue influence.
>
> Judgment is entered against Craig Cheatham in favor of Ava Mitchell Tanner in the amount of one half of the value of the Prudential policy ($83,000), the whole value of the CETERA account ($148,504.14), and the value of the Great American annuities on deposit with the Court ($228,386.79). Judgment is entered against Alita Mitchell in favor of Ava Mitchell Tanner in the amount of one half of the value of the Prudential policy ($83,000), and the whole value of the CETERA account ($148,504.14). This judgment in favor of Ava Mitchell Tanner is joint and several with respect to the Prudential Policy and the CETERA account.
>
> Judgment is entered against Craig Cheatham and Alita Margaret Mitchell, jointly and severally, in favor of Phyllis Fernandez in the amount of one half of the value

    of the Prudential Policy ($83,000).

    Craig Cheatham is ordered to transfer one half of the mineral interest to Ava Mitchell Tanner and to transfer one half of the mineral interest to Phyllis Hernandez.

    The Clerk of the Court is **DIRECTED** to pay to Ava Mitchell Tanner the amount of the annuities on deposit with the Court, including interest. Such payment shall apply towards the amount of the judgment against Craig Cheatham as to the value of the annuities awarded.

*Id*.

## II
### Analysis

To the extent the amended motion to stay appears to supersede the original motion to stay, the first motion to stay will be denied as moot. Similarly, to the extent the judgment which is the subject of the second motion to stay has itself been amended, the second motion to stay will also be denied as moot. *See U.S. Fire Ins. Co. v. Miller*, No. 02-1828, 2004 WL 421953, at *2 (E.D. La. Mar. 8, 2004) ("[B]ecause the Court has amended its judgment, defendant's motion to stay the enforcement of the Court's judgment is now moot."). Nevertheless, in the interest of providing an appropriate analytical structure for a potential motion to stay the amended judgment, the Court will provide a brief analysis of Craig and Alita's amended motion.

Craig and Alita's amended motion to stay argues that (1) a stay "is necessary … because if the funds are disbursed [it] would defeat the Defendants' appeal;" and (2) the factors governing stays of preliminary injunctions pending appeal warrant a stay in this case. Doc. #243 at 1–4.

#### A. Effect of Disbursement

Without any analysis, Craig and Alita, contend that disbursement of the funds from the Great American annuities, which are currently in the registry of the Court, would deprive the Court of Appeals of jurisdiction under what is known as the useless judgment doctrine. *Id.* at 1–2. Under

3

the useless judgment doctrine, disbursal of proceeds in a court's registry will deprive an appellate court of jurisdiction when such disbursal "would render a judgment [on appeal] useless." *Eurasia Int'l, Ltd. v. Holman Shipping Inc.*, 411 F.3d 578, 582–83 (5th Cir. 2005). In this sense, the useless judgment doctrine is "analyzed similarly" to the issue of mootness. *Cmty. Bank of Lafourche v. Lori Ann Vizier, Inc.*, 541 F. App'x 506, 516 n.11 (5th Cir. 2013). And because the disbursement of interpleaded proceeds does not render an appeal moot, *Jefferson Pilot Life Ins. Co. v. Sort Rite Int'l Inc.*, 78 F. App'x 358, 359 (5th Cir. 2003),[1] it follows that such disbursement would not deprive the appellate court of jurisdiction under the useless judgment doctrine.

### B. Propriety of Stay

Federal Rule of Civil Procedure 62(b), formerly Rule 62(d), provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." As a practical matter, Rule 62(b) "allows a party to stay execution of a judgment pending appeal by posting a supersedeas bond with the court." *Vahora v. Valley Diagnostics Lab., Inc.*, No. 1:16-cv-01624, 2019 WL 5960204, at *1 (E.D. Cal. Nov. 13, 2019) (collecting cases). The purpose of the security requirement is "to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir. 1979) (interpreting predecessor to Rule 62(b)). Thus, a debtor may post security "to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal." *Id*. at 1191. In contrast, "the bond secures the prevailing party against any loss sustained as a result of being

---

[1] *See also Ohio Nat'l Life Assurance Corp. v. Langkau ex rel. Estate of Langkau*, 353 F. App'x 244, 248 (11th Cir. 2009) ("An appellant's rights to property on deposit in the court registry are not abolished merely because the court has entered judgment and disbursed the property.").

4

forced to forgo execution on a judgment during the course of an ineffectual appeal." *Id.*

A stay under Rule 62(b) "issues as a matter of right" with respect to money judgments but does not apply to those portions of a judgment granting injunctive relief. 11 FEDERAL PRACTICE AND PROCEDURE § 2905 (3d ed.). Stays of an injunction are granted at the discretion of the court, utilizing the traditional four-factor test described below. *Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 23 (5th Cir. 1992).

### 1. Rule 62(b) standard

While Rule 62(b) does not specify a specific value for the required "bond or other security,"[2] "[t]he general rule is for the district court to set … the full amount of the judgment plus interests, costs, and damages for delay." *United States ex rel. Cairns v. D.S. Med., L.L.C.*, No. 1:12-cv-4, 2020 WL 2556991, at *1 (E.D. Mo. May 20, 2020). "Although practices vary among judges, [security] of 1.25 to 1.5 times the judgment is typically required." *Cotton ex rel. McClure v. City of Eureka*, 860 F. Supp. 2d 999, 1029 (N.D. Cal. 2012). However, a district court has discretion to reduce or waive the security requirement. *Gaddy v. Taylor Seidenbach, Inc.*, No. 19-12926, 2020 WL 815292, at *2 (E.D. La. Feb. 19, 2020). In determining whether to waive the security requirement, the court should consider:

> (1) the complexity of the collection process, (2) the amount of time required to obtain a judgment on appeal, (3) the degree of confidence that the district court has in the availability of funds to pay the judgment, (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money, and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place the other creditors of the defendant in an insecure position.

---

[2] The reference to other security, which was added in an 2018 amendment to the rule, is consistent with pre-amendment Fifth Circuit case law which held that if posting "a full bond would impose an undue financial burden, the court … is free to exercise … discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor." *Poplar Grove*, 600 F.2d at 1191.

*Krekelberg v. Anoka Cty.*, __ F. Supp. 3d __, No. 13-3652 (DWF/TNL), 2020 WL 733404, at *9 (D. Minn. 2020).

As quoted above, the amended judgment imposes on Craig a total of $562,990.93 in liability for utilizing undue influence (1) to change the beneficiaries for a Prudential Policy valued at $186,000; (2) for a CETERA Account valued at $148,504.14; and (3) for two Great American annuities valued at $228,486.79 after legal fees. Doc. #251. The amended judgment imposes on Alita $334,504.14 in restitution liability for possessing the funds from the Prudential Policy and the CETERA Account. The judgment is joint and several with respect to the value of the Prudential Policy and CETERA Account.

Where the Court is in possession of funds, as it is with the Great American annuities, the required security is generally satisfied because "all parties are protected from risk." *Palm Props., LLC v. Metro. Nat'l Bank*, No. 4:09-cv-00038, 2010 WL 2976157, at *2 (E.D. Ark. July 22, 2010). Accordingly, the question becomes whether Craig and Alita can provide the required security for the remaining portion of the judgment or whether they have shown that such a requirement should be waived. To this end, Craig and Alita represent that they are willing to agree to a freeze of $130,000 of the CETERA funds, leaving approximately $198,000 of the judgment unsecured. They have, however, failed to argue any of the relevant factors[3] to justify waiving security for such a large portion of the judgment.

### 2. Stays of injunctions

To determine whether to stay an injunction, a court should consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

---

[3] Craig and Alita argue the four-factor test related to the stays of injunctions. However, "courts have recognized that the four-factor test applicable in [the injunction] context does not apply to a request for a stay of a money judgment." *Oskowis v. Sedona Oak-Creek Unified Sch. Dist. #9*, No. CV-17-08070, 2019 WL 6250762, at *2 n.1 (D. Ariz. Nov. 22, 2019) (collecting cases) (quotation marks omitted).

(2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009). As noted above, Craig and Alita improperly argue these factors with respect to the money judgment, not the injunction which was added later in the amended judgment.

### III
### Conclusion

Alita and Craig's motions to stay [235][242] are **DENIED as moot**.

**SO ORDERED**, this 1st day of July, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**