IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| **Great American Life Insurance Company** | **Plaintiff** |
| **v.** | **No. 3:16-cv-70 DMB** |
| **Ava Mitchell Tanner, et al.** | **Defendants** |
| *CONSOLIDATED WITH* | |
| **Ava Mitchell Tanner and Phyllis Fernandez** | **Plaintiffs** |
| **v.** | **No. 3:18-cv-23 DMB** |
| **Alita Cheatham Mitchell and Craig Cheatham** | **Defendants** |

### ORDER

Ava Mitchell Tanner and Phyllis Fernandez ("Plaintiffs") move the court to compel Alita Mitchell and Craig Cheatham ("Defendants") to answer post-judgment discovery requests, *see* dckt. # 249, while the case is on appeal to the Fifth Circuit Court of Appeals, *see* dckt. # 254.[1] As discussed below, though the court retains jurisdiction in this case over matters of post-judgment discovery propounded pursuant to Rule 69(a)(2) of the *Federal Rules of Civil Procedure*, the instant motion to compel will, nevertheless, be denied as, among other reasons, the discovery at issue was served improperly while all actions to enforce the judgment were subject to the automatic stay of Rule 62(a). Plaintiffs may, however, consistent with the undersigned's prior directive, proceed to propound discovery that is relevant and proportional to execution of the subject judgment, and Defendants will have 30 days in which to respond.

---

[1] The instant motion was filed in Cause No. 3:16cv70-DMB only.

**Background**

A final judgment [227] was entered in this case on 3/31/20. On 4/3/20 Plaintiffs filed a motion to amend the judgment [228]. The next day, April 4, 2020, while all action to enforce the judgment was stayed pursuant to the automatic stay of FED. R. CIV. P. 62(a), Plaintiffs purported to serve on defense counsel post-judgment discovery. On 4/17/20 a response [232, 233] to the motion to amend the judgment was filed, and on 4/24 a reply [234] was filed. Shortly following, on 5/1/20, a motion to stay enforcement of the judgment pending appeal [235] was filed by Defendants. On 5/5/20 the court ordered additional briefing on the motion to amend the judgment and it was provided. On 5/14 Plaintiffs responded in opposition to Defendants' motion to stay enforcement of the judgment, and on 5/20, while their first motion to stay was pending, Defendants filed a second "amended" motion to stay enforcement of the judgment [242]. On 5/24 a response in opposition [244] to the amended motion to stay was filed, and on 6/1 Defendants filed their reply [246].

At Plaintiffs' counsels' request, a phone conference with the undersigned was scheduled for 6/3/20 to discuss the subject of post-judgment discovery. *See* Dckt. # 247. However, the conference was cancelled due to the setting having been overlooked by defense counsel. Then, on 6/18 Plaintiffs filed the instant motion to compel responses to post-judgment discovery served on defense counsel on 4/4/20.

On 7/1 the final judgment originally entered on 3/31/20 was amended and entered. *See* Dckt. # 251. The same day, the pending motions to stay execution were denied as moot by the district judge. *See* Dckt. # 252. On 7/2 Defendants responded to the motion to compel, *see* dckt. # 253, and on 7/6 they appealed the case to the Fifth Circuit, *see* dckt. # 254. On 7/9 a reply [255] in support of the motion to compel was filed. On 8/21 a second motion to amend the judgment [264] was filed by Plaintiffs. It was denied by an order [265] entered the same day and then re-urged with leave of the Fifth Circuit, *see* dckt. # 267. A second amended final judgment [269] was entered on 11/5.

On 12/9/20 the undersigned conducted a telephonic status conference during which the defense was requested to present authority, if any, to chambers to support its position that discovery was prohibited pending appeal. *See* Minute Entry, Dckt. # 274. The minutes of that conference provided that if Defendants failed to provide such authority, or the court was not persuaded by the authority, Plaintiffs were then requested to promptly propound such discovery to Defendants as had been carefully reviewed to ensure relevance and proportionality, and Defendants would then have 30 days to respond. *Id.* During a later status conference held 12/22, the parties were required to file briefs in support of their respective positions regarding whether the district court retained jurisdiction to consider the motion to compel post-judgment discovery while the case was on appeal before the Fifth Circuit. *See* Dckt. # 276.

The parties have now provided the court with their opposing positions and legal authority on jurisdiction of the court to enforce post-judgment discovery in this case. For the reasons that follow, the court is unpersuaded it is without jurisdiction over the matter.

## Analysis

While it is accurate that as a general rule, a district court is divested of jurisdiction upon the filing of the notice of appeal with respect to any matters involved in the appeal,[2] the general rule is not absolute. An exception to this rule is that once a notice of appeal is filed, the district court still has jurisdiction to act to enforce its judgment so long as the judgment has not been stayed or superseded. *Farmhand, Inc. v. Anel Engineering Industries, Inc.,* 693 F.2d 1140, 1145–46 (5th Cir.1982); *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 n.2 (5th Cir. 1984); *United States v. Ruvalcava-Garza*, 750 F. App'x 353, 356 (5th Cir. 2018). In the absence of a stay obtained in accordance with Rule 62, "the pendency of an appeal does not prevent the

---

[2] *Taylor v. Sterrett*, 640 F.2d 663, 667 (5th Cir. 1981); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

3

judgment creditor from acting to enforce the judgment." 11 WRIGHT & MILLER § 2905 (3d ed. 2020). *See also Brown v. Braddick*, 595 F.2d 961, 965 (5th Cir. 1979) (holding that district court retained jurisdiction to enforce its order by civil contempt proceedings where defendant "failed to ask the district court for a stay pending appeal and to post supersedeas bond as required by F.R.C.P. 62(d)"); *Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 250 (11th Cir. 1982) (pointing out that if an appealing party did not post a supersedeas bond or obtain a stay of the judgment pending appeal, the judgment creditor may treat the judgment as final and execute upon it and that if a judgment may be executed upon after an appeal has been filed, certainly discovery in aid of its execution is not precluded by the filing of an appeal); *Smith v. Curtis Int'l Ltd.*, No. 3:15-CV-1685-M, 2016 WL 67771, at *2 (N.D. Tex. Jan. 6, 2016) ("Courts have held that, where a notice of appeal is filed but the appealing party 'did not post a supersedeas bond or obtain a stay of the judgment pending appeal,' the judgment creditor 'may treat the judgment as final and execute upon it,' and that, '[i]f a judgment may be executed upon after an appeal has been filed, certainly discovery in aid of its execution is not precluded by the filing of an appeal.'"); *Res. Trust Corp. v. Kolea*, Civ. A. No. 90-6287, 1996 WL 89376, at *1 (E.D. Pa. Feb. 27, 1996) ("The Koleas have filed a notice of appeal in this case. However, that act does not divest this court of jurisdiction to compel discovery in aid of execution.").

In the instant case, it is undisputed there has been no stay of the judgment following filing of the notice of appeal. It is equally plain that post-judgment discovery pursuant to Rule 69 is in aid of execution of a judgment. *See* FED. R. CIV. P. 69(a)(2) ("Obtaining Discovery. *In aid of the judgment or execution*, the judgment creditor . . . may obtain discovery from any person . . . ." (emphasis added). In accord with the foregoing, this court retains jurisdiction to hear the instant motion to compel responses to post-judgment discovery.

Turning now to the merits of the motion to compel, the court finds the motion is unpersuasive in as much as the discovery that it seeks was improperly served while the automatic stay of actions to enforce judgments under Rule 62(a) was in place. And, before that stay period expired, Plaintiffs, themselves, sought to amend the final judgment that the discovery was purportedly served to aid the execution on. That judgment has since been amended twice, but no discovery—other than that untimely served purportedly in aid of execution on the original judgment—has been served.

Further, Defendants point out, many of the requests[3] seek information about transactions occurring outside the applicable statutory period. Other requests[4] are related to ownership of property exempt from judgment or are unlimited as to time altogether[5]. Notably, in reply to these relevance and proportionality based objections, Plaintiffs merely assert, "[t]hose reasons might go to the merits of a writ of execution or a writ of garnishment, but they are not proper objections to discovery." *See* Dckt. # 255. The undersigned finds this argument unconvincing. Accordingly, the motion to compel responses to the discovery served on 4/4/20 is denied. As earlier referenced, Plaintiffs are permitted to propound discovery *relevant and proportional* to execution on the judgment. Defendants will have 30 days from service thereof to respond in accordance with the applicable provisions of the *Federal Rules of Civil Procedure*.

SO ORDERED this 4th day of February, 2021.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE

---

[3] The applicable discovery includes interrogatories numbered 1, 2, 3, 4, 5, 8, 9,10, 11,16, and 18 and requests for production numbered 1, 2, 5, and 6.

[4] The applicable discovery includes interrogatories numbered 4, 6, 10,14, 17, 22, and 24.

[5] The applicable discovery includes interrogatories numbered 15, 21, 23, 24 and request for production no. 7.